Good morning to everybody. We are ready for oral argument in the first case, the U.S. v. Hunter. Mr. Holmes, when you're ready. May it please the court, I'm Scott Holmes. I'm from Durham, North Carolina, and it is an honor and a pleasure to get to appear before you today on behalf of my client, Mr. Hunter. I'm going to frame the issue for the court in this way. I'm going to ask the court to consider whether the mandatory provisions of the Armed Career Criminal Act, whether that mandatory provision is unconstitutional when it prohibits the sentencing court from enhance the sentence were committed by a child. And I frame it that way because Miller v. Alabama set out two broad principles. One, that for the purposes of sentencing children You want us to ignore that he was tried as a child, tried as an adult when he was a child. That's true, and that is a very important difference between my case and the Miller case. Well, he asked if you wanted us to ignore that fact. No, I don't think there's any way to ignore that fact. I'm asking Neither do we. I'm asking this court to take a leap from Miller and broaden significantly its scope because in Miller, clearly they were sentencing a child. And in this case, my client was 35 years old when he was sentenced. And that is a significant difference between the two cases. But how was he treated at the time of those prior convictions? Was he treated as a child or was he treated as an adult? The record, the court noted that he was tried as an adult for those convictions. The pre-sentence report itself in the record is unclear about that, but there's nothing to dispute about that he was treated as an adult. For federal purposes, he was clearly a minor. He was under the age of 18 when he was convicted, at the age of 15 and the age of 17 for those predicate felonies. So, I'm trying to follow you on this because I think I see where you're going, but I want to make sure I follow you. The Miller case dealt with the actual sentence, which was to impose one life without parole? Yes, sir. So that's the sentence at the time for the offense that occurred here when he was a minor for that offense. Right. This is an enhancement type situation. Yes, sir. He's 35. He knows he has those three offenses. Yes, sir. And so he's not being punished for the three things he did when he was under 18. He's being punished for what he's doing now at 35, knowing as an adult what he did as a child. That's right. I could probably understand a due process, maybe a kind of notice type thing. He doesn't know or he thinks, basically, I don't know how you get there. But I'm having some difficulty understanding how those sociological factors come into play to an adult who understands his position at 35 and he commits this crime and it's sort of, you know. I understand the court's concern. And let me see if I can address it. I'll ask the court to consider comparing Mr. Hunter to an adult who had the predicate felonies as an adult. The purpose of the Eighth Amendment is to give graduated and proportional punishment. And is an adult who commits three violent felonies as an adult the same level of culpability as an adult who committed their predicate felonies as a child? What about throwing another where a person committed those felonies as a child and was treated as a child? Doesn't that make the case you wish you had? Yes, it does. If I had a motion to change the facts, my client would be a child. But it's really important, I believe still, that the factors that Miller looked at, the maturity of the child, the lack of ability to control their environment, the ability of a child to change their circumstances, those factors are still present when you look back at those convictions that he committed as a child. Those convictions are less culpable and he is being punished for those convictions. In the case of what Judge Shedd has alluded to, and that is that he's tried as an adult, and that may bear some discussion, is what does that mean? Does that mean the court then, all those factors that you put in, this is no ordinary juvenile. This is someone who actually does understand those things and does have the possession of the powers of appreciating his conduct to the level of an adult. So therefore, he's going to be tried as an adult. So it sort of takes him out of the juvenile consideration because he was tried as an adult. I mean, you say, what if he'd been over 18? Well, it would have been the same thing. He'd been tried as an adult. So he's under 18 and the only thing that makes him a juvenile is the law. So the law then elevates him from a juvenile to an adult by virtue of saying, you're going to be tried as an adult. But you seem to want to carve out an exception to say, well, you can be tried as an adult but you don't lose the benefit of the sociological factors that have been attributed to those who are juveniles. I understand the court's concern. If he did not have these prior felonies, if he did not have these predicate offenses that occurred when he was a child, he would not have been enhanced. He would have received less than 10 years. And so in a very real sense, he is being punished because of offenses that occurred. He's got an enhanced, mandatory, nondiscretionary sentence. And the problem with that is that the court is not allowed to look back at those offenses that occurred when he was a child and give those weight. This has to meet the confines of the Eighth Amendment, doesn't it? I mean, you're talking about a sentence. This is not life without possibility of parole. It's not death. And I'm not sure you want to expand, Miller, but I don't know of any court that has done that to say from a proportionality perspective, is that, I mean, Eighth Amendment is hard. It is. It is. It's hard. But this is the harshest penalty for this crime. The Armed Career Criminal Act makes this a 15-year mandatory minimum, raises it from a 10-year maximum. And so it's not death. It's not life without parole. But it is the harshest penalty for this offense. And one of the things that the Miller court did is it looked back at the gram and it said, in gram, all those factors for children are not crime-specific. That's not crime-specific. The constitutional significance of a child is important regardless of the crime. And that's one of the things we learned from Miller. Do you think mandatory minimums per se are a violation of the direction and instruction to have individualized sentencing? Do you think mandatory minimum sentences fall because of that? I think Miller taught us that it's a combination of the two. No, I think that mandatory minimums on their own. Well, why wouldn't it? Because when you add the fact that it's a child. I don't understand anything about a child. I'm talking about mandatory minimums generally. That's mandatory minimums. I'm talking about because part of your argument was individualized sentences. That's correct. And I'm just saying don't mandatory minimums treat everybody that falls in the category a certain way without any consideration of individual characteristics or how bad that felony was they committed? Maybe it barely made a felony. Maybe you can make an argument that they decided to do that so they wouldn't face the death penalty. A lawyer can make all those arguments. That's true. But in your argument about lack of individualization, doesn't that run to every mandatory minimum? It does, but my argument does not stop with just mandatory minimums. I didn't say that it stopped. Okay. But let me take up that idea of mandatory minimums just a minute. In the current state of the law, mandatory minimums have been regularly approved for Eighth Amendment purposes. So there's no place for me to walk and expand that at the current state of the law. But I will tell you, and it appears that the evolving standards of decency are really trending against mandatory minimums, that there is a recognition with the problems we have in our society with mass incarceration and a lot of nonviolent folks in prison that there is a trend societally against those. But at the present moment, I agree with the Court that mandatory minimums on their own do not violate the Eighth Amendment. Let me ask you this. Yes, sir. He had five predicate offenses which could have been used against him. We don't even need to consider the two that occurred when he was 15 years old. He doesn't contest the attempted malicious conduct by a prisoner committed at age 25, and the other two were committed when he was 17, the conviction of robbery with a dangerous weapon and his adult conviction for attempted armed robbery. Both were committed at age 17. Now, you've got here a juvenile. If we just use the two age 17 convictions and then the one when he was 25 years old, here you've got an individual who continued his criminal conduct through the 17-year-old into his adult situation when he was 25 years old. Yes, sir. I could see that there might be a little bit of sympathy or you could make a good argument if all of the convictions that were used were those that committed when he was a juvenile. But the two 17-year-old convictions and then the one when he was 25 years old, shows that he committed crimes as a juvenile and then continued his criminal conduct when he was an adult. I understand that. I'm glad you raised that because this conviction in 2003 for attempted malicious conduct by a prisoner was something I raised at the trial court level and I briefed and you'll see in the joint appendix where I argued that that does not qualify as a crime of violence for the purposes of the Armed Career Criminal Act. At sentencing the judge said I'm not taking up that issue. I don't even need to determine that other legal issue about whether or not an attempted spitting qualifies as a crime of violence and that's why I did not brief it and that's not why I did not raise that because the court specifically said I don't need to reach that and pointed out what you just pointed out. I've got plenty of these convictions that occurred under the age of 18 that do qualify under the statute and I have no binding precedence to the contrary. And so what I would point in my response is that that particular issue, that adult issue, there were issues raised in the trial level that that would not qualify because it doesn't qualify as a violent offense and that the other four all did occur while he was under the age of 18 and 18 was the age in which the Miller court set as the age of adulthood and so my argument is to this court that all of his qualifying predicate of felonies were committed under the age of 18. Let me ask you this. As I understand the record, that predicate offense when he was age 25 is not contested on appeal. I, as trial counsel, contested it in the trial court and my recollection, and I could be wrong in the joint appendix, was that the court said he is not taking up that legal issue, that he did not consider that in his consideration of whether or not he qualified as a career offender. I understand what you're saying, but is that contested on appeal? The court didn't rule on it. That's right. So I didn't think that was contested on appeal. Well, I have not raised it in my brief because the court did not consider it as a predicate felony on appeal. So I feel very hesitant to weigh too far beyond my very sparse brief. But I will tell the court I did litigate that. You'll find it in the joint appendix where I made the legal arguments that that does not qualify as a career of a violent offense. So that if you won here, you'd have to go back and battle out those arguments? I think so, Your Honor. And so I'd ask the court to consider that because Miller did set forth a principle that children is a constitutional significance for the Eighth Amendment that a child is convicted. Any other circuit bought this argument? No, sir. And the government will... You can't argue with us. I was just asking to say that. That's true. Not that I'm aware of. The government has cited a case from the Eleventh Circuit that did consider this very similar argument for Eighth Amendment purposes. And what I'd ask this court to consider was that standard of review in that case was plain error. And that case, the defendant lost in that case because there was no clearly binding precedent that could have overturned or changed that outcome. And the standard of review here is de novo. And so this court is free to substitute your own judgment for the trial court's judgment with respect to the constitutionality of this sentencing structure. And so I would submit that because the Armed Career Criminal Act prohibits the sentencing court from taking into consideration the fact that these predicate felonies were committed by a child, it is unconstitutional. That the combination of the mandatory nature of that provision and added to the fact that these were predicates that occurred when the person was a child, that the court should be able to have some individualized consideration of that without enhancing automatically... Your argument is anytime there's a mandatory minimum in sentencing and something in the... What if it added to criminal history points? You know, an offense committed at 16 but treated as an adult. You still would argue that that's unconstitutional? Mandatory minimum based on guideline bracket, based on offense or criminal history. You would make the same argument? I don't know that I would because the guidelines are advisory and the court would have the discretion to weigh those factors when they are crafting an individualized sentence. My concern is with the statutory provisions that are mandatory and prohibit the sentencing court from considering the fact that these were convictions that occurred when the person was a child and not as an adult. And as a matter of fact, he's less culpable. Thank you. You saved some time. Yes, sir. Thank you very much. Thank you. Mr. Rogers. Good morning. May it please the court, my name is Joshua Rogers and I represent the United States. Defendant acknowledged at sentencing that the argument he's making is, quote, quite a stretch, and he also rightly concedes in his brief that there is no... Well, he wanted to stretch it all the way to Richmond. That's what I was going to say. And the court indulged it. And so, therefore, we have... would also note that he concedes there's no specific authority upholding the argument that he makes. There is... It seems to indicate this is the direction that the law seems to be going. There is...the Miller case has extended the law to some extent and there's some interesting language within it, the sociological factors that deal with juveniles. It seems as though that's what he's pointing us to, to consider that perhaps... And given the fact, even though there's no authority for it, there's really nothing here that prevents us from doing this if we choose to do it in the circuit. So that seems to be the basis. He's advancing an argument for which there's no... nothing on porn or nothing that even indicates that we should go there, but nonetheless he's saying we can do this. Well, I would say what would restrain this court from doing is the checks and balances that are inherent to our system. I mean, there's a news article that just came out yesterday about the fact that Congress is submitting bills right now to address the mandatory minimums and also reforming the sentencing guidelines, but essentially he's asking... I'm not going to deal too much in the politics of it. I think we'll stick with trying to see if it satisfies the 18th... Eighth Amendment. And we don't pay attention to yesterday's news articles. Pardon me for doing so. The point being, essentially, I think the defendant is asking us to wade into something essentially in the political realm when he begins to talk about where we're going as a country. This court is simply being asked to talk about the Eighth Amendment and what we know from Miller. By the way, doesn't the Supreme Court sometimes talk about what the trend is in the states when they apply the law sometimes? That's the Supreme Court's prerogative, but again, I would simply state that in terms of what the Supreme Court talked about in Miller, it is simply talking about the impact of a life sentence mandatorily without parole for a juvenile. What do we do as a court, looking back at these predicate offenses, what do we do under a general... This is a general question. When somebody was a juvenile at the time, they committed a crime, but they were treated as an adult. Do we look at the process under which they were treated as an adult? Do we just accept it as an adult conviction? What do we do? I think the court looks to the ACCA, which specifically allows for those particular sentences and convictions to count. But they don't say anything about child and being treated as an adult at the time, do they? I would agree. That's my question to you. I'm not asking the question about a specific type of conviction for assault and battery or attempted murder. We can look at the statute for that, but I'm saying what do we do in a scenario when a person has such a conviction, but how much do we look at the circumstances of that person's age at the time of that predicate conviction? We would argue the court should not look at the circumstances at the time of the age. In particular, with this defendant, we have a defendant who's proven that he's more than willing to continue that type of behavior into adulthood. So it would be our argument, particularly in light of the fact that there is an unpublished, I understand that's persuasive, Fourth Circuit opinion and an Eleventh Circuit opinion that are moving against this position, and not only that, there are no courts whatsoever which defendant can cite that have adopted this argument. We would argue that the district court should be affirmed in this case, and beyond that, we have no other argument. Thank you very much. Thank you very much. Mr. Holmes, you save five minutes. The court raises an interesting question about how far this court should look into whether or not how the person was treated in the state level. I don't mean to cut you off, but are you familiar with the United States v. Linda? I think so. Is it the case cited in the Hennigan? It's directly against you. It's a Fourth Circuit decision in 1993 that for the proposition that a defendant was prosecuted as an adult, it's irrelevant that if he was a junior at the time of the offense for purposes of 924E, so long as the offense was punished for by more than one year. Now, if that's the law in this circuit, how can we ignore it? Because that case was decided prior to Miller. I know, but no court in this United States has extended Miller to cover what you are addressing here today. That's true, but Miller... The Hoffman case didn't cover that because there there was a sentence of life without parole, possibility of parole. That's correct. Miller also said that it is constitutionally significant when you have mandatory sentencing if the sentence was with respect to a child. And that was a synthesis of Roper v. Graham, Roper v. Simmons and Graham v. Florida, where the court showed that the evolving standards of decency with respect to treating children as children require a different constitutional approach. And because there is now a different constitutional approach with respect to children and mandatory sentencing, the cases prior to Miller have to be looked at from a different constitutional lens. What authority are you relying on? I'm relying on Miller. Well, I think you agree that Miller has not been extended to the extent that you are arguing here today. I freely admit that. And I don't think that you contest that this defendant's convictions do meet the requirements of the Armed Career Criminal Act and USC, this guideline 4B1.4. That's correct. As written and currently interpreted, they meet those criteria, yes, sir. Well, you make a persuasive argument that might be made to the Supreme Court, but I don't see how this court's in a position to grant you the relief that you're arguing for. Well, you could if you wanted to, but that will be your decision. I mean, this is a de novo review. It was argued below... What authority would I rely on? Miller. I don't think Miller helps you at all. Well, I appreciate that. And I'm here to try to persuade you otherwise. Well, you're making a good argument. I'm not diminishing the quality of your argument at all. You have to acknowledge you're arguing against precedent. You're arguing for a new path. You're doing that. I'm just going right up the hill, Your Honor. Yes, sir. But you just think the way you read Miller may not be the way we read Miller. And apparently it's not been the way any other circuit courts read Miller. But you're just taking a stab at it to tell us we have precedent that hurts you. Yes, sir. But you just suggest that that precedent can be adjusted, if not ignored, because of your reading of Miller. Yes, sir. I do think it is important to look at the question that you raised about whether or not these... how these children are looked at under the Armed Career Criminal Act or how they're looked at from federal purposes when you're looking at a state. That wasn't really my question. My question was how a person had been treated, not how they're looked at. Do you understand? I do. I'm not saying you look at it. I just asked that question. No, you don't. But what do you do? Do you look at... There is a... It seems to me if there's a judicial determination, that seems to me that's something you have difficulty fighting against. Because you've had a judge. No reason for us to think the judge is anything but competent. Look at the factors and decide sort of what Judge Wynn alluded to. That person in front of me has the understanding and the wisdom as an adult, even though the age might be a little bit different. But I can now... I'm satisfied I can treat that person as an adult. And that was the case in Miller, that they did treat those 14-year-old children as adults, made that judicial determination. It was still unconstitutionally infirm because under the federal law, they're still children under the age of 18. I really appreciate your candor and your willingness to let me make this argument. And it has been an honor, truly, to get to appear before you today on behalf of Mr. Hunter. Thank you very much. I know you're court-appointed, aren't you? Yes, sir. Thank you very much, Mr. Hunt. We all acknowledge as a court that we appreciate you taking on this obligation. And, of course, we have to have people who are willing to come up and make arguments on behalf of folks to let us do our job. So we acknowledge that and thank you for it. Thank you. You need a break at all. You ready to go? Mm-hmm. We'll step down and greet counsel and then go.
judges: Dennis W. Shedd, James A. Wynn Jr., Clyde H. Hamilton